FILED

DEC - 2 2015

U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | **4:15CR00529 CEJ/JMB** |
| GERALD J. CIPPONERI, ) | |
| Defendant. ) | |

## INDICTMENT

### INTRODUCTION

The Grand Jury charges that:

At all times pertinent to the charges in this Indictment:

1. Federal law defined the term

(a) "minor" to mean any person under the age of eighteen years (18 U.S.C. § 2256(1));

(b) "sexually explicit conduct" to mean actual or simulated--

(i) sexual intercourse, including genital-genital, anal-genital, oral-genital, oral-anal, whether between persons of the same or opposite sex,

(ii) bestiality,

(iii) masturbation,

(iv) sadistic or masochistic abuse, or

(v) lascivious exhibition of the genitals or pubic area of any person (18 U.S.C. §2256(2)(A));

1

(c) "computer" to mean an electronic, magnetic, optical, electrochemical or other high speed data processing device performing logical, arithmetic or storage functions, including any data storage facility or communications facility directly related to or operating in conjunction with such device. (18 U.S.C.§ 2256(6));

(d) "child pornography" to mean any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where--

(A) the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct; or

(C) such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct. (18 U.S.C.§2256(8)).

2. The "Internet" was, and is, a computer communications network using interstate and foreign lines to transmit data streams, including data streams used to store, transfer and receive graphic files.

### COUNT ONE

3. The allegations of paragraphs 1 and 2 of this Indictment are hereby re-alleged and restated as though fully set out herein.

4. Between on or about July 1, 2011, and on or about May 22, 2014, within the Eastern District of Missouri and elsewhere,

**GERALD J. CIPPONERI,**

the defendant herein, did knowingly possess material that contained images and videos of child pornography that was produced using materials that traveled in interstate commerce, to wit, a Hitachi Digital hard drive that was produced outside Missouri and therefore has traveled in

2

interstate and foreign commerce, and said hard drive contained child pornography, including but not limited to the following:

    a. "(ptch) vicky.mpg" –a video file of a minor female engaged in sexual intercourse with an adult male; and

    b. "niña de caliente.mpg" – a video file of a minor female preforming oral sex on an adult male,

all in violation of Title 18, United States Code, Section 2252A(a)(5)(B).

## COUNT TWO

5.    The allegations of paragraphs 1 and 2 of this Indictment are hereby re-alleged and restated as though fully set out herein.

6.    Between on or about August 1, 2013, and on or about May 22, 2014, within the Eastern District of Missouri and elsewhere,

## GERALD J. CIPPONERI,

the defendant herein, did knowingly possess material that contained images and videos of child pornography that was produced using materials that traveled in interstate commerce, to wit, a Western Digital hard drive that was produced outside Missouri and therefore has traveled in interstate and foreign commerce, and said hard drive contained child pornography, including but not limited to the following: "pthc new 2011 12yr vagina wide open.avi" -a video file of a minor female in lascivious display of her genitals, in violation of Title 18, United States Code, Section 2252A(a)(5)(B).

## COUNT THREE

7.    The allegations of paragraphs 1 and 2 of this Indictment are hereby re-alleged and restated as though fully set out herein.

8.    Between on or about August 1, 2013, and on or about May 22, 2014, within the Eastern District of Missouri and elsewhere,

### GERALD J. CIPPONERI,

the defendant herein, did knowingly possess material that contained images and videos of child pornography that was produced using materials that traveled in interstate commerce, to wit, a Seagate Backup Plus Digital hard drive that was produced outside Missouri and therefore has traveled in interstate and foreign commerce, and said hard drive contained child pornography, including but not limited to the following:

- a. "9yr jenny suck little dog cock.mpg" – a video file of a minor female in lascivious display of her genitals while being bound with rope and in which minor female also performs oral sex on an adult male;
- b. "09 years old vicky_mummy anal (4)(2).mpg"– a video file of a minor female receiving anal sex from an adult male; and
- c. "(~pthc center~)(opva)(2012) latina violada 7 aos y feliz(2).avi" – a video file of a prepubescent minor female engaged in sex with an adult male;

all in violation of Title 18, United States Code, Section 2252A(a)(5)(B).

### COUNT FOUR

9.    The allegations of paragraphs 1 and 2 of this Indictment are hereby re-alleged and restated as though fully set out herein.

10.   Between on or about January 1, 2013, and on or about May 22, 2014, within the Eastern District of Missouri and elsewhere,

### GERALD J. CIPPONERI,

the defendant herein, did knowingly possess material that contained images and videos of child pornography that was produced using materials that traveled in interstate commerce, to wit, a

Seagate Barracuda XT Digital hard drive that was produced outside Missouri and therefore has traveled in interstate and foreign commerce, and said hard drive contained child pornography, including but not limited to the following:

a. "!!!!! hot hot hot !!!!! - 13y bondage.avi" – a video file of a minor female engaged in sexual intercourse with an adult male; and

b. "(kingpass) - marissa.avi" – a video file of a minor female engaged in anal sex and performing oral sex on an adult male;

all in violation of Title 18, United States Code, Section 2252A(a)(5)(B).

## COUNT FIVE

11.     At all times relevant to this Indictment, the defendant was a pharmacist, licensed by the Missouri Board of Pharmacy, and worked at a pharmacy in Sullivan, Missouri.

12.     Between on or about November 9, 2013, and on or about May 22, 2014, within the Eastern District of Missouri and elsewhere,

**GERALD J. CIPPONERI,**

the defendant herein, did knowingly and intentionally acquire and obtain possession of a controlled substance, that being: Clonazepam, Zolpidem, and Alprazolam, by misrepresentation, fraud, forgery, deception, and subterfuge, all in violation of Title 21, United States Code, Section 843(a)(3), and punishable under Title 21,United States Code, Sections 843(d)(1).

## FORFEITURE ALLEGATION

The Grand Jury further finds by probable cause that:

1.     Pursuant to Title 18, United States Code, Section 2253(a), upon conviction of an offense in violation of Title 18, United States Code, Section 2252A, as set forth in Counts One through Four of this Indictment, the defendant shall forfeit to the United States of America any visual depiction described in Title 18, United States Code, Sections 2251, 2251A, 2252, 2252A,

5

2252B or 2260, or any book, magazine, periodical, film, videotape, computer disk, thumb drive, flash drive or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of Chapter 110 of the United States Code, and any property, real or personal, used or intended to be used to commit or to promote the commission of such offenses or any property traceable to such property.

2.  Pursuant to Title 21, United States Code, Section 853, upon conviction of an offense in violation of Title 21, United States Code, Section 843, as set forth in Count Five of this indictment, the defendant shall forfeit to the United States of America, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of said violations and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of said violations.

3.  Subject to forfeiture is a sum of money in United States currency representing the amount of proceeds obtained directly or indirectly as a result of said violations.

4.  If any of the property described above, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third person;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be subdivided without difficulty;

6

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL

_____
FOREPERSON

RICHARD G. CALLAHAN
United States Attorney

_____
AMANDA WICK
Assistant United States Attorney

7