UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause no. 4:15CR00529 CEJ/JMB |
| | ) | |
| GERALD CIPPERONI, | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION TO SUPPRESS STATEMENTS

Comes now Defendant, by and through his attorney, and pursuant to the Fourth, Fifth and Sixth Amendments to the United States Constitution respectfully moves the court for an Order suppressing: any statements or admissions of Defendant; any and all observations of law enforcement officers and any other tangible or intangible evidence obtained during, or directly or indirectly derived from, the searches of his person and/or the premises commonly known as 725 Falcon Drive, Apartment A, Sullivan, MO 63080, and any outbuildings or other structures, vehicles or other property located on or near that location, in which Defendant had a reasonable expectation of privacy on or about, May 22, 2014 as said statements were obtained in violation of the Fourth, Fifth and Sixth Amendments to the United States Constitution.

## BACKGROUND

On May 22, 2014 law enforcement officers executed a search warrant at 725 Falcon Drive, Apartment A, Sullivan, MO 63080. Defendant was present at the time. The residence was searched pursuant to a search warrant issued on May 21, 2014. The description of things to be seized is contained in the Application. Examination of the warrant shows the warrant to be a generic search

1

warrant. The affidavit consists of seven pages of which two apply specifically to the defendant, the rest are encompassing a vast array of electronic equipment and various other items. The generic nature of the description of things to be seized and the probable cause for the issuance of the search are mostly "cut and paste" language from other search warrant applications. Initially the affidavit appears to be complex and comprehensive; however, only 11 paragraphs pertain to the defendant and the other 32 paragraphs are basically boiler plate/cut-and-paste statements from previously submitted applications. The Detective's affidavit contains an introductory paragraph describing his training and experience, followed by several standard paragraphs similar to those found in most applications for warrants, alleging, generally, behaviors that the affiant claims are specific to possessors of child pornography. Rather, the affidavit relies primarily on the highly dubious notion that, once an individual is rumored to be in possession of child pornography, a court may issue a warrant to search locations associated with that person at virtually any time thereafter.

## Contentions in Support of Motion

Defendant alleges that any statements made by Defendant must be suppressed as the fruit of illegal, unreasonable and unconstitutional searches in the following respects:

**A.   Statements were obtained as a result of the search of defendant's home on May 22, 2014.**

    1.   "It is established that a confession may be voluntary for purposes of the Fifth Amendment…is not by itself sufficient to purge the taint of the illegal arrest" *Taylor v. Alabama,* 457 U.S. 690.

    2.   The affidavit omitted facts that would allow a neutral and detached magistrate to properly conclude that there was probable cause to believe that a child pornography

    offense was being committed at the place sought to be searched, or that fruits, contraband or evidence of such a crime were then located at that location. *Illinois v. Gates,* 462 U.S. 213 (1983); *Sgro v. United States,* 287 U.S. 206 (1932); *State v. Morgan,* 563 P.2d 1056 (1977); *State v. Mitchell,* 658 P.2d 1063 (1983).

3. The affidavit failed to set forth any facts from which a neutral and detached magistrate could make an independent determination as to the veracity of the detective who provided "facts" that were incorporated into the affidavit, or the reliability of the detectives' information. *Sgro v. United States,* 287 U.S. 206 (1932); *United States v. Johnson,* 461 F.2d 285 (10th Cir., 1972); *Illinois v. Gates,* 462 U.S. 213 (1983); *Aguilar v. Texas,* 378 U.S. 108 (1964); *Spinelli v. Untied States,* 393 U.S. 410 (1969); *Draper v. United States,* 358 U.S. 307 (1959).

On May 22, 2014, law enforcement executed a search warrant at Defendants residence. The search warrant claimed that detectives had probable cause to believe that the Defendant was in possession of child pornography. Detectives arrived at this conclusion based on internet undercover operation, utilizing a computer program that allegedly could search a file-sharing program. Using this software, the detective determined that a computer in St. Louis, Missouri Metropolitan area (Aff ¶5) was a download "candidate" for six files of suspected child pornography. What is meant by a "candidate" is never explained in the Affidavit. This program works by identifying previous IP addresses identified through investigative techniques as possessing files believed to contain child pornography. Detectives determined that an IP address of 67.43.254.140 was, on October 18, 2013, "offering to participate in the distribution of child pornography." (Aff ¶3). On October 20, 2013, the software program downloaded a single file from IP address 67.43.254.140. There was nothing

further derived from the IP address until, March 22, 2014, six months later.

**B.    The Search of Defendant's home was illegal**

    1.    The search warrant was unconstitutionally overbroad and amounted to a general warrant, because it failed to specify with sufficient particularity the things to be seized; and the search purportedly authorized by the warrant exceeded the scope of any arguable probable cause showing. The warrants purportedly authorized the search for and seizure of a large quantity of generally described electronics and computer equipment, thus infringing upon the Defendants Fourth Amendment privacy interests. *Marron v. United States,* 275 U.S. 192 (1927). *United States v. Leary,* 846 F.2d 592 (10th Cir.1988); *State v. Muldowney*, 60 N.J. 594, 292 A.2d 26 (N.J.1972); *Application of Lafayette Academy, Inc.,* 610 F.2d 1 (1st Cir.1979).

    2.    The law enforcement officers executing the search warrant exceeded the scope of the warrant's authorization by seizing items not specifically named in the warrant, without probable cause or any other constitutionally permissible jurisdiction. The officers far exceeded the scope of any search that purportedly was authorized by the warrant; the search that actually occurred amounted to a general exploratory search prohibited under the federal constitution. *Walter v. United States*, 447 U.S. 649 (1980); *Marron v. United States,* 275 U.S. 192 (1927); *Coolidge v. New Hampshire,* 403 U.S. 443 (1971); *Texas v. Brown,* 460 U.S. 730 (1983); *United States v. Leon,* 468 U.S. 897 (1984). The seizures of items not specifically named in the warrant were warrantless seizures, and the State cannot bear its burden of demonstrating that these seizures were justified by any recognized exception to the warrant requirements

of the Fourth Amendment and. *Coolidge v. New Hampshire,* 403 U.S. (1971).

3. The "good faith" exception to the Fourth Amendment exclusionary rule of *United States v. Leon,* 468 U.S. 897 (1984) does not apply to the instant case for the following reasons:

   A. The affidavit in support of the search warrant was so deficient in demonstrating probable cause that no law enforcement officer could harbor an objectively reasonable belief that probable cause existed to search the place and seize the items set forth in the search warrant. *United States v. Leon,* 468 U.S. 897 (1984); *United States v. Peltier,* 422 U.S. 531 (1975).

   B. The judge issuing the warrant applied an improper analysis of the "totality of the circumstances" test in determining whether probable cause existed for the issuance of the warrant. *State v. Doile*, 769 P.2d 666 (1989).

   C. The judge issuing the warrant abandoned his judicial role in issuing the warrant. *Leon,* supra; *State v. Probst*, 795 P.2d 393 (1990).

   D. The good faith doctrine does not apply to warrantless seizures or to search warrant executions. *Leon*, supra.

   E. The good faith exception does not apply to search warrants issued upon affidavits containing false statements intentionally or recklessly made, or to affidavits from which material information has been intentionally or recklessly omitted. *Leon*, supra.; *Franks v. Delaware,* 438 U.S. 154 (1978).

4. Since Defendant was not advised of his *Miranda* rights before the custodial interrogation began, any and all statements and/or admissions made by Defendant on or after May 22, 2014, were involuntary and not made pursuant to a free, knowing and intelligent waiver of Defendant's rights under the Fifth and Sixth Amendments to the U.S. Constitution, and *Miranda v. Arizona,* 384 U.S. 436 (1966).

5. The Government's conduct in this case, taken as a whole, so far departed from well-established Fourth Amendment law and resulted in such egregious federal constitutional violations in the instant case as to constitute a deprivation of the due process rights of Defendant under the Fifth Amendment to the United States Constitution, requiring the suppression of all evidence obtained as a result. *United States v. Medlin,* 842 F.2d 1194 (10th Cir.1988).

6. The searches and seizures conducted in the above-captioned case were accomplished in violation of Defendant's rights under the Fourth, Fifth and Sixth Amendments to the United States Constitution and accordingly all evidence, tangible and intangible, including the observations of law enforcement officers and their interrogation of the defendant while on the aforesaid property, is the fruit of the unconstitutional searches and seizures as set forth above, and must be suppressed. *Wong Sun v. United States,* 371 U.S. 471 (1963).

Under the fruit of the poisonous tree doctrine, all evidence tainted by an unlawful detention, search and seizure, including statements taken from the defendant, must be suppressed. *Wong Sun v. United States,* 371 U.S. at 484-86; *U.S. v. Ramos,* 42 F.3d 1160, 1164 (8th Cir. 1994). Detectives applied for a warrant on May 21, 2014.  The time of the application's issuance and the time of the

applications submission are both 3:36 p.m.  The Affidavit gives a general description of SHA1 values and how they identify images associated with child pornography.  However throughout the application the affiant refers to files being "candidates" for downloading suspected child pornography without an explanation of that term.  Without a definitive explanation of what the affiant meant by "candidate" the affiant either intentionally or recklessly omitted material facts from the affidavit.  This omission rendered allegations in the affidavit misleading, and materially affected the probable cause determination. *Franks v. Delaware,* 438 U.S. 154 (1978); *State v. Olson,* 726 P.2d 1347 (1986).  Additionally, the affiant failed to explain in the affidavit that most IP addresses do not belong to individual computers and only serve to connect both networks and individual users in a network to the internet. In other words each computer whether two or two hundred will reflect the IP address of the equipment that is responsible for connecting with the Internet Service Provider (ISP).

Some individuals in a network connect to the Internet through a single entry point called a router. The router will have an IP address visible to the public; the computers within the network accessing the Internet will all have the same public IP address, but will have unique private network addresses.  Other ISP's provide an IP address which is a direct address to a location where service is provided.  Unless the affiant knew whether the subject's residence did not use a home network but instead had a single computer connected to the Internet, he could not state as he did in his affidavit that the IP address identified by the ISP denoted a specific computer.

Hence, a police officer investigating images of child pornography having nothing more than an IP address with no other additional corroborating evidence violates the privacy of a citizen's home – the sanctity most jealously guarded by the Fourth Amendment.

The facts presented in this case are analogous to the facts of *U.S. v. Strauser,* 247 F,Supp.2d 1135. There the court held that being an e-mail subscriber to a website which was found to distribute child pornography was not sufficient to establish probable cause. In *Strauser* the FBI assumed that because the defendant had subscribed to a website that distributed child pornography that, by default he would be in possession of child pornography. However the FBI ignored the fact that depending upon how you subscribed to the website determined what a subscriber had access to. The court determined that the facts surrounding the subscription issue should have given the FBI reasons to doubt the accuracy of the information, and warranted further investigation, but the agents included the false information in the warrant anyway. Without the inclusion of the false information probable cause was lacking. *Strauser* at 1143, 1144.

In this case detectives thought that files with SHA1 values determined to be child pornography where located at the defendants IP address on a file sharing program. However as in *Strauser* detectives ignored facts which warranted further investigation such as whether the subject had a single IP address, or a general IP address. By omitting that detail and not fully defining what "candidate" refers to in the affidavit the probable cause to search is materially affected, because the inclusion of those facts would have rendered the affidavit overbroad. As such because the search warrant was unlawful, and the accompanying statements made by the subject post execution of the unlawful warrant are inadmissible and should be suppressed.

**C.    Attenuation does not cure the taint of the illegal search and therefore the statements must be suppressed.**

1. Evidence obtained after a fourth amendment violation "is fruit of the poisonous tree" which will be excluded if the evidence was discovered by exploitation of that illegality" *U.S. v. Crawford*, 372 F.3d 1048, 1054 (9th Cir.2004).

2. To determine if the evidence was discovered by the exploitation of the illegal search the court considers three factors: 1) the temporal proximity of the illegal search and detention to the evidence obtained; 2) the presence of intervening circumstances; and 3) the "purpose and flagrancy" of the misconduct *Taylor v. Alabama,* 457 U.S.687, 690 (1982), *Dunaway v. New York*, 442 U.S. 200, 218 (1979); *Brown v. Illinois,* 422 U.S.590, 603-04 (1975).

In this case there was a very short period of time between the unlawful search and the statements made by the Defendant. The officers came in *en masse* armed and wearing flak jackets. "When a defendant is arrested and then makes an inculpatory statement within a few hours of arrest, that temporal proximity weighs against the government" *Brown v. Illinois*, 422 U.S.590, 604.; *Taylor,* 457 U.S. at 691(six hours was not sufficient to purge taint). Therefore since only minutes passed between the unlawful entry and the subject's statements to the detective the temporal proximity requirement for attenuation is not met.

"When there are truly intervening circumstances between the illegal search, or illegal seizure, the fruit of the illegality might become attenuated enough to avoid the exclusionary rule, examples include release from custody, an appearance before a magistrate, or consultation with an attorney" *U.S. v. Washington,* 387 F.3d 1060, 1074 (9th Cir.2004). The Defendant was released from custody only after making incriminating statements to the detectives; however this release from custody was not "truly intervening."

9

Finally the purpose and flagrancy of the misconduct of the detectives is exhibited by their omission of the facts discussed in part B.  In addition, the overbroad nature of the affidavit suggests the detectives applied for a warrant to go on a "fishing expedition" of the Defendant's residence. "Such a fishing expedition is precisely the sort of overreaching police behavior that the exclusionary rule is intended to deter" *U.S. v. Jefferson,* 906 F.2d 346, 348, 348 (8th Cir. 1990).

WHEREFORE, Defendant prays that the Court issue orders suppressing the aforesaid evidence and statements for the reasons set forth herein and in his Motion to Suppress Evidence; and for such other and further relief as to the Court seems just.

The undersigned has conferred with counsel for the Government about the issues raised in this motion, and has a good faith belief and basis for seeking to suppress the matters as stated herein.

Respectfully submitted,

Sindel, Sindel & Noble, P.C.

/s/  Richard H. Sindel
RICHARD H. SINDEL, #23406MO
Attorney for Defendant
8000 Maryland Ave, Ste. 350
St. Louis, Missouri  63105
314/721-6040
314/721-8545 Facsimile

**CERTIFICATE OF SERVICE**

I hereby certify that on this 31st day of May, 2016, a copy of the foregoing **MOTION TO SUPPRESS STATEMENTS** was filed electronically with the Clerk of the Court in the United States District Court, Eastern District of Missouri, Eastern Division and to be served by the operation of the Court's electronic filing system upon all attorneys of record.

/s/   Richard H. Sindel